IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10071

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN GEORGE TREMBLAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 5:96-CR-58-1

_____

August 29, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ivan George Tremblay appeals his conviction for illegal reentry after deportation pursuant to 8 U.S.C. § 1326(a). Tremblay argues that his conviction violates due process because his underlying deportation proceeding was fundamentally unfair. He contends that his deportation was fundamentally unfair because (1) it resulted from the automatic conversion of an order of voluntary departure into an order of deportation without notice and (2) the order granting him voluntary departure failed to inform him of what

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was required to prevent the order from automatically converting to an order of deportation. He further argues that because the immigration judge failed to inform him of his right to appeal the conversion of the voluntary departure order, he was effectively denied judicial review. Id. at 12.

United States v. Mendoza-Lopez, 107 S. Ct. 2148 (1987), established that an alien prosecuted for illegal entry following deportation may assert a due process challenge to the underlying deportation order in limited circumstances. In order to prevent the use of a prior deportation order, the alien must show that the deportation hearing was fundamentally unfair and that the alien was prevented from challenging the order through judicial review. The district court in this case found that the deportation hearing was not fundamentally unfair.

Because we agree with the district court's conclusion that Tremblay's deportation hearing was not fundamentally unfair, we affirm his conviction. United States v.Palacios-Martinez, 845 F.2d 89, 91-92 (5th Cir.), cert. denied, 488 U.S. 844 (1988).

AFFIRMED.